## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Thomas Merritt, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC, a Georgia limited liability, Trans Union, LLC, a Delaware limited liability, Barclays Bank Delaware, a foreign corporation, Discover Financial Services, LLC, a foreign limited liability company, Macy Retail Holdings, Inc., a foreign corporation, and Navy Federal Credit Union, a foreign corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, THOMAS MERRITT, BY AND THROUGH COUNSEL, Daniel Brennan, Esq., and for his Complaint against the Defendants, pleads as follows:

### <u>JURISDICTION</u>

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

1

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Duluth, Gwinnett County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Duluth, Gwinnett County, Georgia.

6. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation that conducts business in the State of Georgia.

    b. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia;

    c. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that conducts business in the State of Georgia;

    d. Barclays Bank Delaware ("Barclays") is a foreign corporation that conducts business in the State of Georgia;

e.  Discover Financial Services, LLC ("Discover") is a foreign limited liability that conducts business in the State of Georgia;

f.  Macy's Retail Holdings, Inc. ("Macy's") is a foreign corporation that conducts business in the State of Georgia; and

g.  Navy Federal Credit Union ("Navy Federal") is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7.  Barclays, Discover, Macy's and Navy Federal (collectively "Furnishers") are reporting fraudulent tradelines ("False Tradelines") on Plaintiff's Experian, Equifax and Trans Union ("CRAs") credit disclosures.

8.  Specifically, Barclays is reporting its tradeline on Plaintiff's Experian credit disclosure.

9.  Discover is reporting its tradeline on Plaintiff's Experian and Equifax credit disclosures.

10. Macy's is reporting its tradeline on Plaintiff's Equifax credit disclosure.

11. Navy Federal is reporting two tradelines on Plaintiff's Experian credit disclosures. Navy Federal is reporting its first tradeline with a balance of $38,573.00 ("First Navy Tradeline"). Navy Federal is reporting its second with a balance of $1,641.00 ("Second Navy Tradeline"). Furthermore, Navy

Federal is reporting the First Navy Tradeline on Plaintiff's Trans Union credit disclosure and the Second Navy Tradeline on Plaintiff's Equifax credit disclosure.

12. The accounts reflected by the False Tradelines do not belong to Plaintiff as he is a victim of identity theft.

13. The False Tradelines should not be reporting on Plaintiff's credit files.

14. In 2013, someone used Plaintiff's Social Security Number to open several fraudulent accounts with the Furnishers.

15. In June 2019, Plaintiff obtained his credit files and discovered the False Tradelines reported by the Furnishers.

16. On June 19, 2019, Plaintiff filed a police report with the Gwinnett County Police Department.

17. On June 30, 2020, Plaintiff obtained his Trans Union credit disclosure and noticed the False First Navy Tradeline still reporting.

18. On July 27, 2020, Plaintiff obtained his Experian credit disclosure. While reviewing his credit disclosure, he noticed the False Barclays Tradeline, False Discover Tradeline and both False Navy Federal Tradelines still reporting.

19. On July 28, 2020, Plaintiff obtained his Equifax credit disclosure. While reviewing his credit disclosure, he noticed the False Discover Tradeline, False Macy's Tradeline and False Second Navy Tradeline still reporting.

20. On or about October 26, 2020, Plaintiff, through Credit Repair Lawyers of America, submitted letters to the CRAs, disputing the False Tradelines.

21. In his dispute letters, Plaintiff explained that the accounts reflected by the False Tradelines are fraudulent and do not belong to him as he is a victim of identity theft. He attached a copy of his police report and asked the CRAs to delete the False Tradelines.

22. The CRAs forwarded Plaintiff's consumer dispute to the Furnishers. The Furnishers received Plaintiff's consumer dispute from the CRAs.

23. In response to Plaintiff's dispute, the Furnishers incorrectly verified to the CRAs that its reporting of its False Tradelines were accurate.

24. On December 7, 2020, Plaintiff obtained his Trans Union credit disclosure, which showed that Trans Union and Navy Federal failed or refused to delete the False First Navy Tradeline.

25. On December 8, 2020, Plaintiff obtained his Experian and Equifax credit disclosures. The disclosures showed that Experian, Equifax and the Furnishers failed or refused to delete the False Tradelines.

26. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the

errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS**

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Experian of Plaintiff's consumer dispute of the False Tradeline, Barclays negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

29. Barclays negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian to delete the False Tradeline.

30. The False Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

31. As a direct and proximate cause of Barclays's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. Barclays is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

33. Plaintiff has a private right of action to assert claims against Barclays arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Barclays for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Barclays willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian to delete the False Tradeline.

36. Barclays willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

37. As a direct and proximate cause of Barclays's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. Barclays is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Barclays for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DISCOVER

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. After being informed by Experian and Equifax of Plaintiff's consumer dispute of the False Tradeline, Discover negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

41. Discover negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian and Equifax to delete the False Tradeline.

42. The False Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian and Equifax to which it is reporting such tradeline.

43. As a direct and proximate cause of Discover's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

44. Discover is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

45. Plaintiff has a private right of action to assert claims against Discover arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Discover for damages, costs, interest, and attorneys' fees.

**COUNT IV**

9

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DISCOVER

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. After being informed by Experian and Equifax that Plaintiff disputed the accuracy of the information it was providing, Discover willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian and Equifax to delete the False Tradeline.

48. Discover willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

49. As a direct and proximate cause of Discover's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

50. Discover is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Discover for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. After being informed by Equifax of Plaintiff's consumer dispute of the False Tradeline, Macy's negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

53. Macy's negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to delete the False Tradeline.

54. The False Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

55. As a direct and proximate cause of Macy's' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

56. Macy's is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

57. Plaintiff has a private right of action to assert claims against Macy's arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Macy's for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S

58. Plaintiff realleges the above paragraphs as if recited verbatim.

59. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Macy's willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to delete the False Tradeline.

60. Macy's willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

61. As a direct and proximate cause of Macy's' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

62. Macy's is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in

the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Macy's for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVY FEDERAL

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. After being informed by the CRAs of Plaintiff's consumer dispute of the False Tradelines, Navy Federal negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

65. Navy Federal negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct the CRAs to delete the False Tradelines.

66. The False Tradelines are inaccurate and creates a misleading impression on Plaintiff's consumer credit file with the CRAs to which it is reporting such tradelines.

67. As a direct and proximate cause of Navy Federal's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

68. Navy Federal is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

69. Plaintiff has a private right of action to assert claims against Navy Federal arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Navy Federal for damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVY FEDERAL

70. Plaintiff realleges the above paragraphs as if recited verbatim.

71. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Navy Federal willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct the CRAs to delete the False Tradelines.

72. Navy Federal willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

73. As a direct and proximate cause of Navy Federal's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

74. Navy Federal is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Navy Federal for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT IX</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

75. Plaintiff realleges the above paragraphs as if recited verbatim.

76. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

77. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

78. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

79. After receiving Plaintiff's consumer dispute to the False Tradelines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

80. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

81. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT X

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

82. Plaintiff realleges the above paragraphs as if recited verbatim.

83. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

84. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

85. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

86. After receiving Plaintiff's consumer dispute to the False Tradelines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

87. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

88. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

89. Plaintiff realleges the above paragraphs as if recited verbatim.

90. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

91. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

92. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

93. After receiving Plaintiff's consumer dispute to the False Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

94. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

95. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

96. Plaintiff realleges the above paragraphs as if recited verbatim.

97. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

98. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

99. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

100.     After receiving Plaintiff's consumer dispute to the False Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

101.     As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

102.     Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

103.     Plaintiff realleges the above paragraphs as if recited verbatim.

104.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

105.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

106.     Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it

reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

107.    After receiving Plaintiff's consumer dispute to the False Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

108.    As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

109.    Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT XIV</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

110.    Plaintiff realleges the above paragraphs as if recited verbatim.

111.    Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

112.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

113.     Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

114.      After receiving Plaintiff's consumer dispute to the False Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

115.     As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

116.    Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

DATED: February 3, 2021

By: /s/ Daniel Brennan
Daniel Brennan, Esq.
Credit Repair Lawyers of America
GA Bar Number 271142
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (404) 591-6680
E-Mail: daniel@crlam.com
*Attorneys for Plaintiff Thomas Merritt*